**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 97-50322**
**Summary Calendar**
_____


**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**NAKUNDA LATRICE BLUE,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Western District of Texas**
**(W-96-CA-410)**
_____

October 16, 1998

Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Nakunda Latrice Blue, who pleaded guilty to possession with intent to distribute cocaine, appeals the denial of her 28 U.S.C. § 2255 motion. Our court granted Blue a certificate of appealability limited to whether her § 2255 motion was time-bared; and whether she received ineffective assistance of counsel because her attorney failed to assert that she was entitled to an additional two-level reduction in her base offense level pursuant to U.S.S.G. § 2D1.1(b)(4) (now 2D1.1(b)(6)) and failed to correct

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court's mistaken impression that it did not have the discretion to depart downward.

Blue's § 2255 motion was not time-barred. *See **United States v. Flores***, 135 F.3d 1000, 1002-06 (5th Cir. 1998). She has not shown, however, that her attorney's performance was deficient because he failed to assert the applicability of a guideline provision that had not yet become effective or, as claimed for the first time on appeal (which we review only for plain error), because he failed to request a continuance pending the enactment of that provision. *See **United States v. Flores-Ochoa***, 139 F.3d 1022, 1024 (5th Cir.), *cert. denied*, ___ U.S. ___, 118 S. Ct. 2383 (1998). In addition, the record does not support Blue's assertion that the district court mistakenly believed that it did not have the discretion to depart downward. Accordingly, she has not demonstrated that her attorney rendered ineffective assistance by failing to correct the purported mistaken impression. *See **United States v. McKinney***, 53 F.3d 664, 677 (5th Cir.), *cert. denied*, 516 U.S. 901 (1995).

*AFFIRMED*